■ ASA OF NEW YORK, INC., Respondent, v ANCHOR CONSTRUCTION, INC., et al., Appellants. [801 NYS2d 308]—

Judgment, Supreme Court, New York County (Martin Shulman, J.), entered June 25, 2004, which, after a nonjury trial, awarded plaintiff the total sum of $238,585.27, unanimously affirmed, with costs.

The judgment against defendants Anchor Construction, Inc. (Anchor), the construction manager on a project in which plaintiff subcontractor was retained to install plumbing and sprinklers, and Nova Casualty Company, the surety, was properly based upon the release of a lien bond which defendants had posted to discharge a mechanic's lien plaintiff filed against the interests of the property owner, 500-512 7th Avenue Limited Partnership, to secure the unpaid balance owed by Anchor to plaintiff under the subcontracts. No issue having been previously raised concerning the validity of plaintiff's mechanic's lien, defendants' appellate arguments that plaintiff did not prove the necessary elements to foreclose on a mechanic's lien are unpreserved. In any event, were we to review this issue, we would find that there was sufficient proof that plaintiff acquired a good and valid mechanic's lien.

The trial court's determination after trial to award plaintiff the full amount plaintiff claimed it was owed by Anchor minus a single credit, which amount included plaintiff's charges for change orders beyond the underlying subcontract amounts, was not against the weight of the evidence. As to the change orders, plaintiff's proof established that defendant Anchor gave written approval for plaintiff's change orders and defendants' argument that plaintiff was bound by the standard protocol for change orders set forth in American Institute of Architects (AIA) Document A 401, article 5, incorporated by reference in Anchor's unsigned purchase orders, was properly accorded little weight by the trial court. In addition, the trial court's findings that the amounts of the plumbing and sprinkler subcontracts were, respectively, $240,550 and $425,000 were appropriately based on documentation signed by Anchor employees; defense exhibits showing lower amounts had not been signed by an authorized party. Moreover, plaintiff's requisitions included the higher amounts and there was no evidence that Anchor objected to these requisitions. Finally, there is no basis to disturb the trial court's findings that defendants were not entitled to setoffs. Whereas defendants sought to establish that plaintiff's work under the subcontracts was both incomplete and improper, we accord deference to the trial court's determination not to credit the testimony of an interested defense witness and to place significant weight on the documentary evidence which certified the substantial completion of plaintiff's work. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Williams, JJ.